UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ALBERTO JAIMES,<br>          Plaintiff,<br><br>      v.<br><br>AMERICAN FIRST FINANCE LLC,<br>          Defendant. | Case No. 23-cv-00978-SK<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Regarding Docket No. 26 |

This matter comes before the Court upon consideration of the motion to remand to state court, filed by John Alberto Jaimes ("Plaintiff"). The Court finds the motion suitable for disposition without oral argument and, thus, VACATES the hearing scheduled for October 16, 2023. *See* N.D. Civ. L.R. 7-1(b). Having carefully considered the parties' papers, relevant legal authority, and the record in the case, the Court hereby GRANTS Plaintiff's motion to remand to state court for the reasons set forth below.

## ANALYSIS

**A.      Legal Standards on Motion to Remand.**

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action originally filed in state court may be removed to federal court only if the district court could have exercised jurisdiction over such action if initially filed there. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987).

The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is construed strictly against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. In order to determine whether the removing party has met its burden, a court may consider the contents of the removal petition and "summary-judgment-type evidence." *Valdez*, 372 F.3d at 1117. It is well established that a court must evaluate whether it has jurisdiction based on the circumstances that exist at the time the notice of removal is filed. *See, e.g., Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar*, 482 U.S. at 392. The well-pleaded complaint rule recognizes and empowers the plaintiff as the master of his or her claim. *Id.* "[H]e or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Thus, under the well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28.

**B.     Plaintiff's Motion to Remand.**

Defendant American First Finance LLC ("Defendant") removed this matter on the basis of both diversity jurisdiction and federal question jurisdiction. Plaintiff moves to remand this matter to state court. Although there is no dispute that there is diversity of parties, Plaintiff argues that the amount in controversy is insufficient to support diversity jurisdiction and that his state-law claims do not raise substantial federal questions to support federal jurisdiction. For the reasons stated below, the Court agrees with Plaintiff.

**1.     Amount in Controversy.**

"Where, as here, it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the

2

jurisdictional threshold." *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121-22 (9th Cir. 2013) (internal citations and quotation marks omitted). In addition to the complaint, the Court considers "allegations in the removal petition, as well as 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 7943 (9th Cir. 2018) (quoting *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)).

Defendant makes two arguments in an effort to demonstrate that the amount in controversy exceeds $75,000, the requisite amount to establish diversity jurisdiction. First, Defendant argues that, because this case is not a class-action, the cost of the injunctive relief Plaintiff seeks should be aggregated with the other persons for whom Plaintiff seeks relief. Second, Defendant argues that the attorneys' fees it will incur satisfies the amount in controversy. The Court will address each argument in turn.

### i. Aggregating claims.

In class actions, it is undisputed that a plaintiff's claims are not aggregated in determining the amount in controversy, so long as the class members' claims are separate and distinct. Because this action is not a class action, Defendant relies on two cases to support its argument that Plaintiff's representative claims should be aggregated with other claims to reach the $75,000 threshold for diversity jurisdiction: *Mangini v. R.J. Reynolds Tobacco Co.,* 793 F. Supp. 925 (N.D. Cal. 1992) and *Myers v. Merrill Lynch & Co., Inc.,* 1999 WL 696082 (N.D. Cal. Aug. 23, 1999). However, the majority of cases have held otherwise and find that representative claims, even if not in a class action, should not be aggregated. *See Enriquez v. Sirius XM Radio, Inc.*, 2022 WL 4664144, at *3-5 (E.D. Cal. Sept. 30, 2022) (noting that it was following the majority approach); *Doe v. Aetna, Inc.*, 2018 WL 1614392, at *4-6 (N.D. Cal. Apr. 4, 2018); *Johnson v. Am. Online, Inc.*, 2002 WL 1268397, at *3 (N.D. Cal. Mar. 21, 2002). One of those cases was decided by the same court as in *Mangini*. *Boston Reed Co. v. Pitney Bowes, Inc*., 2002 WL 1379993 (N.D. Cal. June 20, 2002) (acknowledging "it saw the issue differently when it decided *Mangini*" and finding representative state-law claims should not be aggregated as long as they are separate and distinct).

3

As the Court explained in *Phipps v. Praxair, Inc.*, 1999 WL 1095331, at *5 (S.D. Cal. Nov. 12, 1999):

> The Court respectfully disagrees with *Mangini* because its reasoning assumes that the rule prohibiting plaintiffs from aggregating their claims applies only to class actions. . . . [T]he anti-aggregation rule applies to *any* civil case where two or more plaintiffs attempt to aggregate "separate and distinct" claims to reach the amount in controversy. . . . *Mangini* provided no reason for distinguishing a class action from a representative suit. The decision, notably, did not cite the Supreme Court's *Snyder* decision which stated unequivocally that the anti-aggregation rule derives from a statutory interpretation of 28 U.S.C. § 1332 that applies outside the class action context. *Snyder [v. Harris*, 394 U.S. 332], 336 [(1969)]. . . .

Moreover, adopting the reasoning of *Mangini* and *Myers* in aggregating representative state-law claims simply because they are not class actions "would essentially create federal jurisdiction over any Section 17200 claim between diverse parties, no matter how small the injury to the representative plaintiff. Such a result is untenable." *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1233 (N.D. Cal. 2000); *see also Bos. Reed*, 2002 WL 1379993, at *5; *Doe v. Aetna, Inc.*, 2018 WL 1614392, at *4 (N.D. Cal. Apr. 4, 2018).

As the Court in *Boston Reed* noted:

> Both consumer class actions and representative UCL actions serve important roles in the enforcement of consumers' rights. Class actions and representative UCL actions make it economically feasible to sue when individual claims are too small to justify the expense of litigation and thereby encourage attorneys to undertake private enforcement actions. Through the UCL a plaintiff may obtain restitution and/or injunctive relief against unfair or unlawful practices in order to protect the public and restore to the parties in interest money or property taken by means of unfair competition. These actions supplement the efforts of law enforcement and regulatory agencies. This court has repeatedly recognized the importance of these private enforcement efforts.

2002 WL 1379993, at * 4 (quoting *Kraus v. Trinity Mgmt. Servs., Inc.,* 23 Cal.4th 116, 126 (2000) (footnotes and citations omitted)). The Court agrees with the majority of cases finding that representative state-law claims shall not be aggregated when the individual claims are separate and distinct.

Defendant asserts, without any support, that Plaintiff's claims are not separate and distinct

4

from the other persons for whom he seeks relief. However, under Ninth Circuit precedent, a right with a common and undivided interest exists when the case involves "a single indivisible res, such as an estate, a piece of property . . ., or an insurance policy. These are matters that cannot be adjudicated without implicating the rights of everyone involved with the res." *In re Ford Motor Co./Citibank (South Dakota) N.S., Cardholder Rebate Program Litigation*, 264 F.3d 952, 959 (9th Cir. 2001) (internal quotation marks omitted). In *Ford*, a class action where the plaintiffs alleged that the defendants misrepresented information about the nature and duration of a rebate program, the Ninth Circuit held that the claims arising from the termination of the rebate program did not implicate a "single indivisible res," and could be adjudicated on an individual basis because the putative class members had no common and undivided interest in accruing rebates under the program. *Id*. Each plaintiff charged purchases and accrued rebates individually, not as a group. *Id*. Notably, the court in *Ford* rejected the defendants' contention that the putative class members had a common and undivided interest because the injunctive relief requested – reinstating the rebate accrual program – necessarily would benefit the putative class as a whole. *Id.* at 960. The court reiterated that the proper focus was not the type of relief requested but rather the nature and value of the right asserted: "Here, the consolidated plaintiffs assert the right to accrue rebates under the canceled program. That right is distinct to each plaintiff [and] is based on his or her individual contractual relationship with [defendants]." *Id.* "'The equitable relief sought . . . is but a means through which the individual claims may be satisfied.'" *Id*. Here, Plaintiff and the other individuals each had separate contracts with Defendant. Plaintiff is not seeking to adjudicate a single indivisible res, even if all persons with Security Agreements with Defendant would benefit from an order finding Defendant's program was invalid.

Here, it is undisputed that, without aggregation, the amount in controversy is less than the jurisdictional amount of $75,000. Because the Court finds that the representative claims should not be aggregated, Defendant fails to demonstrate that the jurisdictional amount for diversity jurisdiction has been satisfied.

        **ii.**     **Attorneys' Fees.**

Next Defendant argues that the amount of attorneys' fees it will incur satisfies the amount

5

in controversy. Under Ninth Circuit precedent, courts must include "future attorneys' fees recoverable by statute or contract" in the amount in controversy. *Fritsch*, 899 F.3d at 794. Nevertheless, Defendant must meet its burden to demonstrate the likelihood that it will incur more than $75,000 in attorneys' fees. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927-28 (9th Cir. 2019) ("The defendant retains the burden, however, of proving the amount of future attorneys' fees by a preponderance of the evidence."). Here, Defendant only argued, with nothing more, that it would not take many hours to reach the jurisdictional amount of $75,000 in attorneys' fees. Additionally, Defendant failed to take into account that this case is not the first time it and Plaintiff's counsel have litigated the same issues at stake before this Court and that the parties' have the benefit of the Court's prior rulings in that prior case. In light of the factual background here, the Court finds that it is far too speculative that Defendant would incur significant additional fees litigating in this Court before offering to settle. *Fritsch*, 899 F.3d at 795 (courts can discount fees when they are "too speculative" given "the likelihood of a prompt settlement."); *see also Aguilar v. Amazon.com, Inc.*, --- F. Supp. 3d ---, 2023 WL 4038638, at *3 (N.D. Cal. June 15, 2023) (finding defendant's estimates too speculative to support diversity jurisdiction); *Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 914 (N.D. Cal. 2020) ("[B]ecause Defendants fail to provide the Court with specific evidence showing that the attorneys' fees *in this case* are 'more likely than not' to exceed $75,000, attorneys' fees cannot be used to satisfy the amount-in-controversy requirement." (emphasis in original).) Accordingly, the Court will not consider potential, speculative, future attorneys' fees in calculating the amount in controversy. Therefore, Defendant has failed to demonstrate the existence of diversity jurisdiction.

### 2. Substantial Federal Right.

Defendant argues that there is federal jurisdiction over the claim under Plaintiff's Unfair Competition Law claim under California Business and Professions Code 17200 ("UCL claim") because the violation is based on a violation of the Truth in Lending Act ("TILA"). The Supreme Court has recognized that, "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005). Specifically, the Court held that federal question

jurisdiction can arise out of a state-law claim implicating a federal issue only where the "federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 259 (2013) (describing the four-part test under *Grable*). The Supreme Court has made clear that the *Grable* test covers a "special and small category" of cases over which federal question jurisdiction was appropriate. *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006). Additionally, the focus of the inquiry is not the importance of a disputed federal issue to the parties in the case, but instead "[t]he substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260.

Where, as here, plaintiffs allege a state law claim which include both state and federal theories, "federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Bolden v. KB Home*, 618 F. Supp. 2d 1196, 1208 (C.D. Cal. 2008) (quoting *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996)); *see also People of State of California v. H&R Block, Inc.*, 2006 WL 2669045, at *4 (N.D. Cal. Sept. 18, 2006) (finding where a UCL claim which included the TILA as one of the eight predicate violations, the TILA could not be characterized as an essential element of the state-law claim and was not *necessary* to resolve the claim); *Attygala v. Wells Fargo Bank, N.A.*, 2013 WL 12131587, at *5-6 (C.D. Cal. Mar. 14, 2013); *Culannay v. Freddie Mac Fixed to Floating Rate Non Cumulative Perpetual Preferred Stock*, 2012 WL 5499927, at *3 (N.D. Cal. Nov. 13, 2012); *Delgadillo v. Countrywide Home Loans, Inc.*, 2009 WL 5064943, at *1 (C.D. Cal. Dec. 23, 2009).

Plaintiff's UCL claim includes the TILA as one of the *nine* predicate violations supporting his claim. It is supported by both state and federal law theories. Therefore, the inclusion of the TILA is not *necessary* to resolve this claim and does not support federal question jurisdiction. Accordingly, Defendant has failed to demonstrate the existence of either diversity or federal question jurisdiction and, thus, the Court GRANTS Plaintiff's motion to remand.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand and

1  REMANDS this action to the Santa Clara Superior Court.  The Clerk is directed to transfer the
2  file.
3      **IT IS SO ORDERED**.
4  Dated: October 12, 2023



SALLIE KIM
United States Magistrate Judge